IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.      ) | 02: 04cr0212 |
| ) | |
| MARTHA BELL and ATRIUM I NURSING ) | |
| AND REHABILITATION CENTER   ) | |

**MEMORANDUM OPINION AND ORDER OF COURT**

November 18, 2005

 Before the Court for disposition are the following:

 • POST TRIAL RULE 29 MOTIONS INCLUDING MOTION FOR JUDGMENT OF ACQUITTAL AND MOTION FOR NEW TRIAL filed by Martha Bell *(Document No. 94)*;

 • DEFENDANT ATRIUM I NURSING AND REHABILITATION CENTER'S POST TRIAL RULE 29 MOTION FOR ACQUITTAL AND MOTION FOR A NEW TRIAL (*Document No. 82*); and

 • THE GOVERNMENT'S RESPONSE TO DEFENDANTS' MOTIONS FOR JUDGMENT OF ACQUITTAL AND NEW TRIAL (*Document No. 83*).

 After careful consideration of the motions, the relevant case law, and the record as a whole, the Court will deny each of the motions.

**Background**

An eleven-count indictment was filed on August 24, 2004 against defendants Martha Bell and Atrium I Nursing and Rehabilitation Center. Both defendants were charged with one count of Health Care Fraud (Count I), in violation of Title 18, United States Code, Sections 1347 and 2, and ten counts of False Statements Relating to Health Care Matters (Counts 2 through 11), in violation of Title 18, United States Code, Section 1035(a)(2).

According to the Indictment, both defendants knowingly and willfully executed and attempted to execute a scheme and artifice to defraud health care benefit programs, that is Medicare and Medicaid, and to obtain, by means of false and fraudulent pretenses, representations and promises, money under the control of such health care benefit programs, in connection with the delivery of and payment for health care benefits, items, and services. See Indictment, at ¶ 12.

The Indictment further alleges that both Defendants: (a) falsely represented that the required care, services and environment would be provided to residents; (b) failed to provide such care, services and environment; and (c) falsely represented that these requirements had been provided.

A jury trial commenced on July 19, 2005. At the close of the government's case in chief, each Defendant presented a motion pursuant to Rule 29(a) of the Federal Rules of Criminal Procedure for judgment of acquittal. After hearing extensive arguments of counsel, the Court denied the respective motions.

On August 24, 2005, the jury rendered a unanimous verdict as to each defendant. Defendant Bell was found guilty on Counts 1, 2, 3, 4, 5, 6, 8, 10 and 11 and Defendant Atrium I was found guilty on all eleven counts of the indictment.

Each Defendant has filed a timely motion pursuant to Rule 29(c) for judgment of acquittal or in the alternative a motion for new trial pursuant to Rule 29(d).  Defendants have also requested that the Court permit the filing of briefs in support of their motions and a hearing on the motions.  The government argues that the motions are without merit, should be denied and that there is no need for either a briefing schedule or hearing on the motions "as the Court noted at the Rule 29 stage, there is a dearth of appellate case law pertaining to §§ 1347 and 1035 and the Court had taken extensive notes of the testimony, which it used to evaluate the sufficiency of the testimony of the government's evidence."  Govt's Br. at 2.

At the outset, the Court agrees with the government that there is no need for additional time to brief the issues raised in these motions or to hear further argument.  At the close of the government's case, the Court heard extensive argument on Defendants' Rule 29 motions, which were presented and argued skillfully and effectively by all counsel.  The Court took the matter under advisement overnight, and denied the motions on the morning of August 11, 2005.  In doing so, the Court considered both statutes involved (18 U.S.C. §§ 1347 and 1035), the Indictment, the arguments of counsel, the government's evidence, and the Court's extensive notes and its own recollection of the evidence presented.

**Motion for Judgment of Acquittal**

Federal Rule of Criminal Procedure 29(c)(1) provides, in pertinent part, that after a jury verdict, "a defendant may move for a judgment of acquittal." Fed. R. Crim. P. 29(c)(1).  In ruling on a motion for judgment of acquittal based on insufficiency of the evidence pursuant to Rule 29, a trial court must view the evidence "in the light most favorable to the prosecution . . . and [ ] draw all reasonable inferences therefrom in the government's favor." *United States v. Ashfield*, 735 F.2d 101, 106 (3d Cir. 1984). The trial court is obliged to uphold the jury's verdict unless, viewing the evidence in this fashion, no rational jury could have found the defendant guilty beyond a reasonable doubt. *Id.*  Furthermore, the district court must "presume that the jury has properly carried out its functions of evaluating credibility of witnesses, finding the facts, and drawing justifiable inferences" such that "a verdict will be overruled only if no reasonable juror could accept the evidence as sufficient to support the conclusion of the defendant's guilt beyond a reasonable doubt." *United States v. Coleman,* 811 F.2d 804, 807 (3d Cir. 1987).

This Court, therefore, "must independently re-examine the record and determine as a matter of law whether the evidence could support an inference of guilt beyond a reasonable doubt." *Ashfield*, 735 F.2d at 106.  In that regard, the Court will not substitute its own judgment regarding what the Court would conclude had it been the finder of fact.  Rather, the Court is limited to determining whether the factfinders made a permissible conclusion.  *Id.*

Defendants argue that the evidence presented by the government at trial was insufficient to convict them.  Further, Defendant Atrium I argues that a conviction on the

4

evidence submitted by the government in the case "violates [its] Fifth Amendment right to due process of law." Atrium I Brief, at 2.

As stated previously, when a defendant moves for a judgment of acquittal pursuant to Federal Rule of Criminal Procedure 29 on the ground that insufficient evidence supports the jury's verdict, this Court must "review the record in the light most favorable to the prosecution to determine whether any rational trier of fact could have found proof of guilt beyond a reasonable doubt based on the available evidence." *United States v. Smith*, 294 F.3d 473, 476 (3d Cir. 2002). In performing this task, the court may not re-weigh the evidence, nor reassess the credibility of witnesses, as both of these functions are for the jury. *United States v. Casper*, 956 F.2d 416, 421 (3d Cir. 1992). Accordingly, a finding of insufficiency should be "confined to cases where the prosecution's failure is clear." *Smith,* 294 F.3d at 477.

The evidence presented by the government in this case included the following. Testimony from investigators and an auditor from the U.S. Department of Health and Human Services that Atrium had been cited for problems beginning in 1997 and had an ongoing history of violations from 1999 through 2003. Department of Health officials visited Atrium twenty-five (25) times between July 2001 and June 2002. On September 19, 2003, the facility was cited for two "patterns of actual harm," which occurred between April 2, 2003, and September 12, 2003. On October 22, 2003, Grane Healthcare was court-appointed to assume temporary management of the facility. The residents were relocated and Atrium was closed at the end of 2003.

The government also presented the testimony of approximately twenty-three (23) former employees, nine (9) individuals who testified as to the level of care rendered to their loved ones while residents at the Atrium facility, a nursing home ombudsman who responded to complaints, three (3) doctors, five (5) vendors, and the Grane Healthcare temporary administrator. Half of the employees testified that they were directed by Martha Bell to falsify various resident records. The falsification of records included admission records, forged physician signatures on various records, altered times on medication administration records, altered dates on test orders, weight measurements of residents, falsified "activities of daily living" for individual residents, falsified records of hydration flushes, falsification of dates and times of employees job and duty records, and the withholding or removal of certain records during the state health department surveys.

Both former employees and family members of residents testified as to the overall poor healthcare environment at Atrium and they made observations of deficient care. Testimony and records also revealed that staffing levels were, at times, inadequate under the circumstances.

Given the state of the record as outlined above, including the testimony of various witnesses, this Court cannot say that a rational finder of fact could conclude that no reasonable doubt existed as to Defendant Martha Bell's guilt on each of Counts 1, 2, 3, 4, 5, 6, 8, 10 and 11 and Atrium I's guilt on each of the eleven counts charged in the Indictment.

The standard of review does not allow this Court to second guess the diligent and conscientious work done by the jury. Therefore, Defendants' motion for judgment of acquittal will be denied.

**Motion for New Trial**

Defendants' final argument addresses the need for a new trial. Because this Court is denying Defendants' motions for a judgment of acquittal under Rule 29, pursuant to the plain language of Rule 29(d),[1] there is no need for this Court to conditionally grant or deny Defendants' motion for a new trial.

However, even if Defendants' sufficiency of the evidence arguments fail under Rule 29, the Court may grant a new trial if Defendants satisfy their burden under Federal Rule of Criminal Procedure 33. Accordingly, the Court will analyze Defendants' arguments for a new trial under Rule 33.

Federal Rule of Criminal Procedure 33 provides that "on the defendant's motion the court may grant a new trial . . . if the interests of justice so require." Within its discretion, the

---

[1] Federal Rule of Criminal Procedure 29(d) provides as follows:
**(d) Conditional Ruling on a Motion for a New Trial.**
   **(1) Motion for a New Trial**. If the court enters a judgment of acquittal after a guilty verdict, the court must also conditionally determine whether any motion for a new trial should be granted if the judgment of acquittal is later vacated or reversed. The court must specify the reasons for that determination.

   **(2) Finality.** The court's order conditionally granting a motion for a new trial does not affect the finality of the judgment of acquittal.

Fed.R.Crim.P. 29(d)(1) and 2.

court may grant a defendant a new trial only if it finds that "there is a serious danger that a miscarriage of justice has occurred- that is, that an innocent person has been convicted." *United States v. Johnson*, 302 F.3d 139, 150 (3d Cir. 2002). Additionally, the court must grant a new trial if errors occurred during the trial, and it is reasonably possible that such error, or combination of errors, substantially influenced the jury's decision. *United States v. Copple,* 24 F.3d 535, 547 n. 17 (3d Cir. 1994).

Defendants argue that the Court erred in admitting, over objection, certain photographs "which graphically demonstrated wounds on aged patients of the Atrium." Martha Bell Mot. at ¶ 9.

After arguments of counsel on the morning of July 21, 2005, the Court admitted into evidence government's Exhibits 20 (a)-(e), photographs which reflected the skin condition in a sensitive private body area of resident Erma Ufolla on April 17, 2000. The government contended that these photographs were evidence of the inadequate health care provided to this resident at Atrium. Defendants argued that the prejudicial impact of the photographs decidedly outweighed the probative value of such evidence.

Federal Rule of Evidence 403 codifies the evidentiary principle that the probative value and prejudicial effect of offered evidence must be weighed in determining its admissibility. Under this rule, evidence is excluded only if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues or misleading the jury. Our appellate court has explained that Rule 403 implements a presumption in favor of

admissibility.  *United States v. Universal Rehabilitation Services (PA), Inc.,* 205 F.3d 657, 664-65 (3d Cir. 2000).

In exercising its discretion, the Court determined that the photographs were of a sensitive nature in that they depicted the pelvic and groin areas of an elderly female resident. However, the photographs had significant probative value in the graphic depiction of a deteriorated skin condition which Mrs. Ufolla's daughter found upon the removal of her mother's urine-soaked diaper in which she had been left sitting for hours.  The photographs provided graphic evidence of a medical condition which was virtually impossible to describe in laymen's terminology.  Although the photographs were graphic and of a sensitive area of the body, they were not unfairly prejudicial, confusing or misleading.  The jury was simply given the opportunity to weigh the relevant testimony with the aid of photographs in determining whether an appropriate level of healthcare treatment was being afforded this resident by the Defendants under the circumstances.

The arguments advanced by Defendants on this issue mirror the arguments  raised at trial.  The Court has previously considered these arguments and is not persuaded that it should change its decision nor is further analytical discussion warranted.  Accordingly, the Court finds and rules that Defendants' motion for new trial should be denied as there is no evidence that a "serious danger that a miscarriage of justice has occurred. . . ."  *Johnson*, 302 F.3d at 150.

**Conclusion**

For the reasons hereinabove set forth, the defendants' Rule 29 motions will be denied. An appropriate Order follows.

McVerry, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.                  ) | 02: 04cr0212 |
| ) | |
| MARTHA BELL and ATRIUM I NURSING ) | |
| AND REHABILITATION CENTER,      ) | |

## ORDER OF COURT

AND NOW, this 18th day of November, 2005, in accordance with the foregoing Memorandum Opinion, it is hereby **ORDERED, ADJUDGED and DECREED** that Defendants' Post Trial Rule 29 Motions Including Motion for Judgment of Acquittal and Motion for New Trial are **DENIED.**

BY THE COURT:

s/ Terrence F. McVerry
United States District Court Judge

cc:     Leo M. Dillon,
        Assistant U.S. Attorney
        Email: Leo.Dillon@usdoj.gov

        Thomas R. Ceraso, Esquire
        Email: lawyertrc@aol.com

        Alexander H. Lindsay, Jr., Esquire
        Lindsay, Jackson & Martin
        Email: Michele@lindsaylawfirm.com