IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.  ) | 02: 04cr0212 |
| ) | |
| MARTHA BELL and ATRIUM I NURSING ) | |
| AND REHABILITATION CENTER ) | |

**MEMORANDUM OPINION AND ORDER OF COURT**

April 12, 2006

Before the Court for disposition are the following:

• MOTION FOR RECONSIDERATION OR IN THE ALTERNATIVE FOR PRESERVATION OF ISSUE FOR APPELLATE REVIEW filed by Martha Bell *(Document No. 110)*;

• MOTION FOR RECONSIDERATION OR IN THE ALTERNATIVE FOR PRESERVATION OF ISSUE FOR APPELLATE REVIEW filed by Atrium I Nursing and Rehabilitation Center *(Document No. 112)*; and

• THE GOVERNMENT'S RESPONSE TO MOTION FOR RECONSIDERATION OR IN THE ALTERNATIVE FOR PRESERVATION OF ISSUE FOR APPELLATE REVIEW (*Document No. 113*).

After careful consideration of the motions and the relevant case law, the Court will deny the Motions for Reconsideration.

**Background**

An eleven-count indictment was filed on August 24, 2004 against defendants Martha Bell and Atrium I Nursing and Rehabilitation Center. Both defendants were charged with one count of Health Care Fraud (Count I), in violation of Title 18, United States Code, Sections 1347 and 2, and ten counts of False Statements Relating to Health Care Matters (Counts 2 through 11), in violation of Title 18, United States Code, Section 1035(a)(2).

A jury trial commenced on July 19, 2005. At the close of the government's case in chief, each Defendant presented a motion pursuant to Rule 29(a) of the Federal Rules of Criminal Procedure for judgment of acquittal. After hearing extensive arguments of counsel, the Court denied the respective motions.

On August 24, 2005, the jury rendered a unanimous verdict as to each defendant. Defendant Bell was found guilty on Counts 1, 2, 3, 4, 5, 6, 8, 10 and 11 and Defendant Atrium I was found guilty on all eleven count of the indictment.

On August 26, 2004, Defendants filed Motions for Judgment of Acquittal, which were denied by the Court on November 18, 2005.

Defendants have filed the instant Motions in which they request, pursuant to the recent United States Supreme Court decision in *Gonzales v. Oregon*, 546 U.S. --, 126 Sup.Ct. 904, No. 04-623 (filed January 17, 2006), that this Court enter an Order acquitting Defendants of their convictions of the count brought under 18 U.S.C. § 1347 and grant a new trial on all other counts or, in the alternative, grant a new trial as to both statutes and that these issues be considered preserved and not waived for purposes of appellate review.

**Standard of Review**

A motion for reconsideration may be filed in a criminal case. *United States v. Fiorelli,* 337 F.3d 282, 286 (3d Cir. 2003). However, such a motion may only be granted if "the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [rendered it's decision]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). Defendants argue that the United States Supreme Court's recent pronouncement in *Gonzales* requires this Court to acquit Defendants on the count of conviction under 18 U.S.C. § 1347[1] and to grant a new trial as to all other counts of conviction.

---

[1] Section 1347 provides as follows:

Whoever knowingly and willfully executes, or attempts to execute, a scheme or artifice -
    (1)  to defraud any health care benefit program; or
    (2)  to obtain, by means of false or fraudulent pretenses, representations, or
     promises, any of the money or property owned by, or under the custody or
    control of, any health care benefit program,
 in connection with the delivery of or payment for health care benefits, items or services, shall be fined under this title or imprisoned not more than 10 years, or both. If the violation results in serious bodily injury (as defined in section 1365 of this title), such person shall be fined under this title or imprisoned not more than 20 years, or both; and if the violation results in death, such person shall be fined under this title, or imprisoned for any term of years or for life, or both.

3

**Discussion**

Distilled to its essence, Defendants argue that the government prosecuted the alleged 18 U.S.C. § 1347 violations "under a standard of care enunciated at 42 C.F.R. 483.15 and 483.25," both of which are "vague and ambiguous" and, therefore, under *Gonzales* Defendants are entitled to acquittal.

The Court finds, however, that *Gonzales* is not controlling to the Court's determination in this matter for a number of reasons. First, the *Gonzales* decision only addressed the deference which should be given to an interpretative rule of the United States Attorney General. Importantly, the case *sub judice* was based <u>not</u> on an Executive official's interpretative rule, but rather was based upon 18 U.S.C. § 1347, a federal statute.

Next, it is important to note that while the government relied upon certain regulations set forth in 42 C.F.R. 483, *et seq.*, the government's case was not merely a "failure to meet required standards of care" case. Rather, Defendants were charged and found guilty of § 1347 (health care fraud) based upon a scheme to falsify records which Martha Bell utilized in an attempt to conceal from state and federal regulatory agencies the substandard care which was being provided to residents at Atrium.

Last, the government has consistently maintained, in the indictment and throughout the presentation of the case at trial, that defendants engaged in health care fraud by (a) falsely representing that the required care would be provided to nursing home residents; (b) failing to provide such care; and (c) concealing what occurred by falsification of records pertaining to the

4

residents' care.  The Court finds and rules that these actions went well beyond the mere failure to provide care, and elevated the wrongdoing in this case to the level of criminal fraud.

For all these reasons, the Defendants' motions will be denied.

McVerry, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 02: 04cr0212 |
| | ) | |
| MARTHA BELL and ATRIUM I NURSING | ) | |
| AND REHABILITATION CENTER, | ) | |

**ORDER OF COURT**

AND NOW, this 12th day of April, 2006, in accordance with the foregoing Memorandum Opinion, it is hereby **ORDERED, ADJUDGED and DECREED** that Defendants' Motions For Reconsideration Or In The Alternative For Preservation Of Issue For Appellate Review are **DENIED.**

BY THE COURT:

s/ Terrence F. McVerry
United States District Court Judge

cc: Leo M. Dillon,
Assistant U.S. Attorney
Email: Leo.Dillon@usdoj.gov

Thomas R. Ceraso, Esquire
Email: lawyertrc@aol.com

Alexander H. Lindsay, Jr., Esquire
Lindsay, Jackson & Martin
Email: Michele@lindsaylawfirm.com