**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 02: 04cr0212 |
| | ) | |
| MARTHA BELL and ATRIUM I  NURSING | ) | |
| AND REHABILITATION CENTER | ) | |

**MEMORANDUM OPINION AND ORDER OF COURT**

May 16, 2006

Before the Court for disposition is the MOTION FOR NEW TRIAL PURSUANT

TO RULE 33 OF THE FEDERAL RULES OF CRIMINAL PROCEDURE FOR *BRADY*

VIOLATION  filed by Defendants Martha Bell and Atrium I Nursing and Rehabilitation Center

(*Document Nos. 114 and 115, respectively*) and the Government's response in opposition

(*Document No. 116*).   The Court finds and rules that Defendants have not raised "genuine

issues of material fact," and, thus, it is not necessary to conduct an evidentiary hearing. *United

States v. Perdomo*, 929 F.2d 967, 973-74 (3d Cir. 1991).

After careful consideration of the motions and the relevant case law, the Court will

deny the Motions for New Trial.

**Background**

An eleven-count indictment was filed on August 24, 2004 against defendants Martha

Bell and Atrium I Nursing and Rehabilitation Center.  Both defendants were charged with one

count of Health Care Fraud (Count I), in violation of Title 18, United States Code, Sections

1347 and 2, and ten counts of False Statements Relating to Health Care Matters (Counts 2

through 11), in violation of Title 18, United States Code, Section 1035(a)(2).

On a jury trial commenced on July 19, 2005.  At the close of the government's case in

chief, each Defendant presented a motion pursuant to Rule 29(a) of the Federal Rules of

Criminal Procedure for judgment of acquittal.  After hearing extensive arguments of counsel,

the Court denied the respective motions.

On August 24, 2005, the jury rendered a unanimous verdict as to each defendant.

Defendant Bell was found guilty on Counts 1, 2, 3, 4, 5, 6, 8, 10 and 11 and Defendant Atrium I

was found guilty on all eleven counts of the indictment.

On August 26, 2004, Defendants filed Motions for Judgment of Acquittal, which

were denied by the Court on November 18, 2005.

Defendants have filed the instant motions based on "newly discovered evidence" in

the form of *Brady* violations. *See Brady v. Maryland,* 373 U.S. 83 (1963).  Specifically,

Defendants argue that the government failed to disclose impeachment material as required by

*Brady*, and, therefore, they are entitled to a new trial under Federal Rule of Criminal Procedure

33.[1]  In support of their position, Defendants attach as exhibits handwritten statements of

---

[1]      Federal Rule of Criminal Procedure 33 provides that "the court may vacate any
judgment and grant a new trial if the interest of justice so requires."  The standard
under Rule 33 is: (a) the evidence must be in fact newly discovered, i.e., discovered
since trial; (b) the facts must be alleged from which the court may infer diligence on
the part of the movant; (c) the evidence relied upon must not be merely cumulative
or impeaching; (d) it must be material to the issues involved; and (e) it must be
such, and of such nature, as that, on a new trial, the newly discovered evidence

(continued...)

government witnesses Cheryl Bushmire and Kelly Davies, as well as correspondence which

apparently Martha Bell sent to and received from Senator Rick Santorum, all of which,

according to Defendants, constitutes "newly discovered evidence" which the government failed

to disclose.  The government responds that the "exhibits (a) do not constitute 'newly discovered

evidence,' (b) are not *Brady* material; (c) do not contain information unknown to defendants at

the time of trial; and (d) were not in the possession of the government."  Govt's Response at 2.


### DISCUSSION

In the landmark case of *Brady v. Maryland,* the United States Supreme Court held

that "the suppression by the prosecution of evidence favorable to an accused upon request

violates due process where the evidence is material either to guilt or to punishment, irrespective

of the good faith or bad faith of the prosecution."  373 U.S. 83, 87.  Since *Brady,* the Supreme

Court has held that a prosecutor is required to disclose exculpatory evidence even when the

defense has not requested the information. *United States v. Agurs*, 427 U.S. 97, 107 (1976); *see

also United States v. Perdomo*, 929 F.2d 967, 970 (3d Cir. 1991).  The government's duty to

disclose has been clarified to include impeachment evidence as well as exculpatory evidence.

*United States v. Bagley*, 473 U.S. 667, 676 (1985) ("Impeachment evidence . . . as well as

---

[1](...continued)
would probably produce an acquittal.  *United States v. Barbosa*, 271 F.3d 438, 467
(3d Cir. 2001).  The Defendants have not even remotely met these requirements,
and indeed have not directed their arguments to showing that they have.  Rather,
Defendants demand for a new trial is based on their allegations that the government
violated its *Brady* obligations.

3

exculpatory material[] falls within the Brady rule." (*citing Giglio v. United States*, 405 U.S. 150, 154 (1972) ("When the reliability of a given witness may well be determinative of guilt or innocence, nondisclosure of evidence affecting credibility falls within [*the Brady*] rule.")); *United States v. Boone*, 279 F.3d 163, 189 (3d Cir. 2002).

"There is no question that the government's duty to disclose under *Brady* reaches beyond evidence in the prosecutor's actual possession.  Since *Giglio*, 405 U.S. at 154, the Supreme Court has made clear that prosecutors have 'a duty to learn of any favorable evidence known to the others acting on the government's behalf in the case, including the police.' " *United States v. Risha*, No. 04-4677, slip op. at 11, -- F.3d ---, 2006 WL 1061961 (3d Cir. Oct. 20, 2005) (*quoting Kyles v. Whitley*, 514 U.S. 419, 437 (1995)).  The Court of Appeals for the Third Circuit has defined "constructive possession" as follows:

> We construe the term 'constructive possession' to mean that although a prosecutor has no actual knowledge, he should nevertheless have known that the material at issue was in existence.  Accordingly, we consider *whether the prosecutor knew or should have known of the materials* even though they were developed in another case.

*Risha*, slip opinion at 11 (*quoting United States v. Joseph*, 996 F.2d 36, 39 (3d Cir. 1993)) (emphasis in original).

To establish a *Brady* due process violation, a defendant must show that "(1) evidence was suppressed; (2) the suppressed evidence was favorable to the defendant; and, (3) the suppressed evidence was either material to guilt or to punishment."  *United States v. Pelullo*, 399 F.3d 197, 209 (3d Cir. 2005).  However, "the government is not obliged under *Brady* to

4

furnish a defendant with information which he already has or, with any reasonable diligence, he can obtain himself."  *United States v. Starusko,* 729 F.2d 256 (3d Cir. 1984).

The government adamantly argues that "there was no <u>Brady</u> violation since all records which the government had obtained were made available for defendants' inspection since shortly after the indictment."  Govt's Resp. at 4, ¶ 4.

Initially, the Court finds and rules that the correspondence which allegedly Martha Bell sent to and received from Senator Rick Santorum is simply not *Brady* material (Exhibits C and D to Defendant Bell's Motion.)  Given that Martha Bell was the sender and receiver of both of these letters, and that there is no indication or allegation that these letters were either sent to or in the possession of the government,  the Court is at a loss to understand how the government could be accused of suppressing these exhibits.  Furthermore, again given that Martha Bell was the sender and receiver of both of these letters, it is a mystery to the Court how these particular exhibits would qualify as "newly discovered evidence."

Therefore, the Court finds and rules that the Defendants have failed to establish that the letter allegedly written by Martha Bell to Senator Rick Santorum and the response from Senator Rick Santorum to Martha Bell were suppressed within the meaning of *Brady*, and Defendants have, therefore, failed to establish a *Brady* violation.

Likewise, the Court finds and rules that the Defendants have failed to establish that the alleged statements of Cheryl Bushmire and Kelly Davies were suppressed within the meaning of *Brady*.

The government asserts that "neither the prosecutor nor either of the case agents involved in the trial ever saw the exhibited documents before defendant's motion." Govt.'s Resp. at 4, ¶ 4.  However, that does not end the discussion as "prosecutors have an obligation to make a thorough inquiry of all enforcement agencies that ha[ve] a potential connection with the[ir] witnesses." *Risha*, slip opinion at 12 (*quoting United States v. Thornton*, 1 F.3d 149, 158 (3d Cir. 1993)).

The Court notes, however, that there is no indication or allegation that "the party with actual knowledge of the impeachment information was under the federal government's control or acting on its behalf." *Risha*, slip opinion at 13.   In fact, Defendants have not disclosed the source or origin of these statements, rather, in conclusory fashion they simply allege that they have "now become aware of certain statements of Cheryl Bushmire" and Kelly Davies, which relate to their trial testimony regarding the alleged sabotage of files of residents. See Mot. at ¶ 26-28.

The government notes that "one of the witnesses whose handwritten statement is exhibited has advised the government's agent, subsequent to the filing of Martha Bell's motion, that she believes the exhibit is a copy of a statement which Martha Bell asked her to write for Atrium's use in defending an unemployment claim filed by RB[2] after Martha Bell asked her to leave employment there." Govt.'s Resp. at 9.

The Court finds and rules that Defendants have failed to present any evidence to support their claim that the government had possession, either actual or constructive, of the

---

[2]        "RB" are the initials of the nurse suspected of engaging in records sabotage.

statements of Cheryl Bushmire or Kelly Davies and failed to provide same to Defendants.

Accordingly, Defendants have failed to establish a *Brady* violation.


### CONCLUSION

For all these reasons, the Court will deny the MOTION FOR NEW TRIAL

PURSUANT TO RULE 33 OF THE FEDERAL RULES OF CRIMINAL PROCEDURE FOR

*BRADY* VIOLATION filed by Defendants Martha Bell and Atrium I Nursing and Rehabilitation

Center.

An appropriate Order follows.


McVerry, J.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

UNITED STATES OF AMERICA  )
             )
    v.        )  02:  04cr0212
             )
MARTHA BELL and ATRIUM I  NURSING )
AND REHABILITATION CENTER,  )

**ORDER OF COURT**

   AND NOW, this 16th day of May, 2006, in accordance with the foregoing

Memorandum Opinion, it is hereby **ORDERED, ADJUDGED and DECREED** that the

MOTION FOR NEW TRIAL PURSUANT TO RULE 33 OF THE FEDERAL RULES OF

CRIMINAL PROCEDURE FOR *BRADY* VIOLATION filed by Defendants Martha Bell and

Atrium I Nursing and Rehabilitation Center is  **DENIED.**

         BY THE COURT:


         s/  Terrence F. McVerry
         United States District Court Judge


cc:  Leo M. Dillon,
   Assistant U.S. Attorney
   Email: Leo.Dillon@usdoj.gov

   Thomas R. Ceraso, Esquire
   Email: lawyertrc@aol.com

   Alexander H. Lindsay, Jr., Esquire
   Lindsay, Jackson & Martin
   Email: Michele@lindsaylawfirm.com