IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 02: 04cr0212 |
| | ) | |
| MARTHA BELL | ) | |

**MEMORANDUM ORDER**

Before the Court is the MOTION FOR BOND PENDING APPEAL filed by defendant, Martha Bell (*Document No. 192*) and the RESPONSE in opposition filed by the Government (*Document No. 194)*.

Under the Bail Reform Act of 1984, 18 U.S.C. § 3143, there is a presumption that once convicted a defendant should be confined. This presumption, however, can be overcome if the Court finds the following:

"(1)   that the defendant is not likely to flee or pose a danger to the safety of any other person or the community if released;

(2)   that the appeal is not for purpose of delay;

(3)   that the appeal raises a substantial question of law or fact; and

(4)   that if that substantial question is determined favorably to defendant on appeal, that decision is likely to result in reversal or an order for a new trial of all counts on which imprisonment has been imposed."

*United States v. Miller,* 753 F.2d 19, 24-25 (3d Cir. 1985).

As the government aptly notes, this is Defendant's <u>third</u> request to this Court for bond pending appeal. As in the past, Defendant continues to raise (i) sufficiency of the evidence arguments as to her health care fraud conviction; (ii) sufficiency of the evidence

arguments as to her false statement convictions, and (iii) failure by the government to turn over exculpatory evidence.  However, nothing in these arguments is new; rather, the arguments simply rehash those previously made by the Defendant and said arguments were previously given due consideration and rejected by this Court.   Therefore, the Court finds that these arguments do not warrant further analytical discussion.

Defendant does raise one new argument as a basis for bond pending appeal, *to wit*: her various medical conditions and her preference for private medical treatment.  *See* Motion at ¶¶ 13-15.   However, the health of a prisoner and/or her preference for private medical treatment is simply not a basis under *Miller* for granting bond pending appeal.  Furthermore, a review of Defendant's medical records from the Bureau of Prisons ("BOP") militates against a finding that the BOP is not capable of treating the health problems Defendant may be experiencing.  The records reflect that on June 25, 2007, the BOP transported Defendant to a hospital where she received a CT Scan and Bone Scan of a potential thyroid mass.  Prior to that time, Defendant was examined at the BOP institution on March 9, 2007; March 21, 2007; and April 24, 2007; at which time her symptoms and medications were reviewed.

Accordingly, the Court finds and rules that Defendant's relevant medical records consistently reveal that Defendant is receiving adequate and appropriate medical treatment by the BOP.

For all these reasons, the Court **DENIES** the Defendant's request for bond pending appeal.

2

So **ORDERED** this 1st day of August, 2007.

BY THE COURT:

s/Terrence F. McVerry
United States District Court Judge

cc:     Leo M. Dillon,
        Assistant U.S. Attorney
        Email: Leo.Dillon@usdoj.gov

        Thomas N. Farrell, Esquire
        Farrell & Kozlowski
        Email: tom.farrell2@verizon.net